**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CAROLYN L. FIELDS,

    Plaintiff,

vs.                              Case No. 3:20-cv-1158-J-34MCR

HUNTER CONRAD, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Injunction (Doc. 2; Motion), filed on October 14, 2020. Simultaneously with the Motion, Plaintiff filed a Complaint for Employment Discrimination (Doc. 1; Complaint) in which she raises claims apparently premised entirely on the alleged employment discrimination. In the Motion, Plaintiff seeks an injunction requiring Defendants "to stay five hundred (500) feet away from me and my family," and to have no contact with Plaintiff or her family. See Motion at 1. Upon review, the Motion is due to be denied.[1]

---

[1] Plaintiff's Motion requests an "injunction," but does not address the legal basis for the request. Thus, it is unclear whether Plaintiff seeks a temporary restraining order, issued without notice and governed by Local Rule 4.05, or a preliminary injunction, issued with notice and governed by Local Rule 4.06. Although the Court construes the Motion as a request for a temporary restraining order in the analysis below, to the extent Plaintiff seeks a preliminary injunction, she must still comply with the procedural requirements of Local Rule 4.05(b)(1) through (5). See Local Rule 4.06(b)(1) ("The party applying for the preliminary injunction shall fully comply with the procedural requirements of Rule 4.05(b)(1) through (b)(5) of these rules pertaining to temporary restraining orders."). Because Plaintiff has failed to comply with those requirements, as detailed below, the Motion is due to be denied regardless of whether she seeks a temporary restraining order or a preliminary injunction.

Rule 65, Federal Rules of Civil Procedure (Rule(s)), as well as Local Rule 4.05, United States District Court, Middle District of Florida (Local Rule(s)), govern the entry of a temporary restraining order.[2]  Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Likewise, Local Rule 4.05(b)(2) requires that the motion be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury as well as showing "that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible."  In addition, Local Rule 4.05(b)(3) directs that the motion should also:

> (i) describe precisely the conduct sought to be enjoined;
> (ii) set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Fed.R.Civ.P.;
> (iii) be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d), Fed. R. Civ. P.; and
> (iv) should contain or be accompanied by a supporting legal memorandum or brief.

---

[2] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules").  The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office.  The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

Pursuant to Local Rule 4.05(b)(4), the legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, potential harm to the opposing parties, and the public interest.

Upon review, the Court finds that the Motion fails to comply with nearly all of the applicable Local Rules. Significantly, the Motion is not accompanied by any supporting affidavits, nor do the allegations of the Complaint appear to be verified. <u>See</u> Motion at 1; Complaint at 9. Plaintiff does not address how she will be irreparably harmed absent the issuance of a temporary restraining order or preliminary injunction. Moreover, to the extent she seeks a temporary restraining order, Plaintiff does not explain why notice and a hearing on the application with all parties present is impractical or impossible. Significantly, the Motion also fails to include a "Memorandum in Support," and Plaintiff does not address her likelihood of success on the merits, the irreparable nature of the threatened injury, the potential harm to Defendants, or the public interest, and she fails to cite any legal authority in support of her request for injunctive relief. <u>See</u> Local Rule 4.05(b)(4). Plaintiff also fails to address the bond requirement or provide a proposed order as required by Local Rule 4.05(b)(3). For all of these reasons, the Court finds that Plaintiff's Motion is due to be denied. <u>See</u> <u>McMahon v. Cleveland Clinic Found. Police Dep't</u>, 455 F. App'x 874, 878 (11th Cir. 2011).

In addition, the Court finds that the Complaint is due to be stricken as it does not comply with Rules 8 and 10. While <u>pro se</u> complaints are held to a less stringent standard than those drafted by an attorney, <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986), the <u>pro se</u> litigant is still required to "'conform to procedural rules.'" <u>Riley v. Fairbanks</u>

3

Capital Corp., 222 Fed. Appx. 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1]  The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2).  "'A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'"  Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted).  Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action."  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).  In addition, Rule 10 requires a plaintiff to state his claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  See Rule 10(b).  In addition, "[i]f doing so would promote clarity," Rule 10 requires that "each claim founded on a separate transaction or occurrence— . . . must be stated in a separate count . . . ."  See Rule 10(b).  Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'"  Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).  "Where the

---

[1] In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding . . . , it is persuasive authority."  United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Case 3:20-cv-01158-MMH-MCR   Document 5   Filed 10/15/20   Page 5 of 6 PageID 94

allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 Fed. Appx. 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).  Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming.  See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 Fed. Appx. 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

Here, Plaintiff fails to utilize separate numbered paragraphs to present her allegations and fails to set forth each of her claims in separate counts.  Notably, although Plaintiff's Complaint appears to be premised primarily on claims of race discrimination and hostile work environment, she also makes references to age discrimination, retaliation and "perceived disability" discrimination, such that it is unclear to the Court what claim or claims Plaintiff actually intends to raise in this action or the specific facts allegedly supporting each of those claims.  See Complaint 5-7.  In addition, Plaintiff names twenty-six Defendants at the outset of the Complaint but fails to set forth specific allegations with respect to each Defendant.  Indeed, there are several Defendants named in the caption of the Complaint who are never mentioned again.  As a result, it is impossible to discern what these Defendants are alleged to have done and which claims are asserted against them.  Thus, as currently drafted, it will be difficult if not impossible for Defendants to frame a responsive

pleading. In light of the foregoing, the Court will strike the Complaint for failure to comply with Rules 8 and 10, and direct Plaintiff to file an amended complaint. The amended complaint shall utilize numbered paragraphs, separate counts, and describe in sufficient detail the factual basis for each of her claims and how each Defendant is responsible. See Rules 8(a)(2), 10(b).[3]

Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Injunction (Doc. 2) is **DENIED**.

2. Plaintiff's Complaint for Employment Discrimination (Doc. 1) is **STRICKEN**.

3. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **November 13, 2020**. Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of October, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[3] In preparing the amended complaint and any future filings, the Court recommends that Plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Plaintiff does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.