**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CAROLYN L. FIELDS,

    Plaintiff,

vs.   Case No. 3:20-cv-1158-J-34MCR

HUNTER CONRAD, et al.,

    Defendants.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte. Plaintiff Carolyn L. Fields initiated this action on October 14, 2020, by filing a Complaint for Employment Discrimination (Doc. 1; Complaint) against numerous Defendants. On October 15, 2020, the Court struck the Complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (Rule(s)). See Order (Doc. 5) at 3-6. In the Order, the Court explained some of the rules of pleading that apply in federal court and highlighted myriad problems with the Complaint as drafted. For example, the Court noted that:

> although Plaintiff's Complaint appears to be premised primarily on claims of race discrimination and hostile work environment, she also makes references to age discrimination, retaliation and 'perceived disability' discrimination, such that it is unclear to the Court what claim or claims Plaintiff actually intends to raise in this action or the specific facts allegedly supporting each of those claims.

See Order at 5. The Court also observed that Plaintiff named numerous Defendants without setting forth "specific allegations with respect to each Defendant" making it "impossible to discern what these Defendants are alleged to have done and which claims are asserted against them." Id. As a result of these and other deficiencies, the Court

instructed Plaintiff to file an amended complaint which "utilize[s] numbered paragraphs, separate counts, and describe[s] in sufficient detail the factual basis for each of her claims and how each Defendant is responsible." Id. at 5-6.

On October 26, 2020, Plaintiff filed an Amended Complaint for Racial Discrimination (Doc. 9; Amended Complaint). Upon review of the Amended Complaint, the Court finds that Plaintiff has failed to comply with the directives of the Court's October 15, 2020 Order. Although Plaintiff now utilizes separate Counts to assert various purported causes of action, she fails to set forth her factual allegations in numbered paragraphs. Instead, Plaintiff has written a lengthy narrative of the alleged facts supporting her claims, a portion of which appears to bear no relation to this lawsuit. See Amended Complaint at 5-7, 8-17. In addition, while Plaintiff now names each Defendant at least once in her factual narrative, it remains unclear precisely which claims are asserted against which Defendants and the specific conduct which she contends supports the claim. For example, Plaintiff appears to assert myriad theories of race discrimination, premised on a variety of different alleged abuses, purportedly perpetrated by each of the twenty-seven Defendants, all grouped together under Count I.[1] However, as previously explained to Plaintiff, Rule 10 requires that each "claim founded on a separate transaction or occurrence—must be stated in a separate count" if doing so would promote clarity. See Rule 10(b) (emphasis added). In

---

[1] To the extent Plaintiff seeks to hold her co-workers individually liable for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Plaintiff is cautioned that this theory of relief appears to be foreclosed by well-established Eleventh Circuit precedent. See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act. We think the proper method for a plaintiff to recover under Title VII is by suing the employer . . . ." (internal citations omitted)).

addition, in Count 8, titled "Negligence," Plaintiff asserts that "[a]ll of the Defendants listed in the complaint participated in this Hostile Work Environment that I had to suffer" without describing the specific conduct attributable to each Defendant or connecting her allegations in any way to negligence. Id. at 17.  Similarly, in Count 9, titled "Defamation of Character," Plaintiff accuses "Hunter Conrad, his entire Administration, and others" of trying to "Deform [her] character" making derogatory remarks about her, and attempting to destroy her reputation. Id.  But, Plaintiff fails to identify which facts in the narrative portion of her Amended Complaint support this claim, nor can the Court discern which of the Defendants is included in Plaintiff's reference to Conrad's "entire Administration, and others." Id. Plaintiff also continues to refer to age and disability discrimination, see Amended Complaint at 7, 17, without including any factual allegations or specific counts addressing such claims. See Order (Doc. 5) at 5.

In light of the foregoing, the Court will strike the Amended Complaint for failure to comply with the Court's October 15, 2020 Order and the requirements of Rules 8 and 10. The Court will provide Plaintiff with one final opportunity to properly draft her pleadings. Plaintiff is cautioned that failure to comply with the requirements of the Court's Orders and the Federal Rules of Civil Procedure may result in the dismissal of this action without further notice.  Accordingly, it is

**ORDERED**:

1. Plaintiff's Amended Complaint for Racial Discrimination (Doc. 9) is **STRICKEN**.

3

2. Plaintiff shall file a second amended complaint consistent with the directives of this Order on or before **November 25, 2020**.  Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of November, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties