**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CAROLYN L. FIELDS,

      Plaintiff,

Case No. 3:20-cv-1158-MMH-MCR

vs.

HUNTER CONRAD, et al.,

      Defendants.

_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff Carolyn L. Fields initiated this action on October 14, 2020, by filing a Complaint for Employment Discrimination (Doc. 1; Complaint) against numerous Defendants. On October 15, 2020, the Court struck the Complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (Rule(s)). See Order (Doc. 5) at 3-6. In the Order, the Court explained some of the rules of pleading that apply in federal court and highlighted myriad problems with the Complaint as drafted. For example, the Court noted that:

> although Plaintiff's Complaint appears to be premised primarily on claims of race discrimination and hostile work environment, she also makes references to age discrimination, retaliation and 'perceived disability' discrimination, such that it is unclear to the Court what claim or claims Plaintiff actually intends to raise in this action or the specific facts allegedly supporting each of those claims.

See Order at 5. The Court also observed that Plaintiff named numerous Defendants without setting forth "specific allegations with respect to each Defendant" making it "impossible to discern what these Defendants are alleged to have done and which claims are asserted against them." Id. As a result of these and other deficiencies, the Court instructed Plaintiff to file an amended complaint which "utilize[s] numbered paragraphs, separate counts, and describe[s] in sufficient detail the factual basis for each of her claims and how each Defendant is responsible." Id. at 5-6.

On October 26, 2020, Plaintiff filed an Amended Complaint for Racial Discrimination (Doc. 9; Amended Complaint). Upon review of the Amended Complaint, the Court found that Plaintiff had failed to comply with the directives of the Court's October 15, 2020 Order. Although Plaintiff utilized separate counts to assert various purported causes of action, she failed to set forth her factual allegations in numbered paragraphs. Instead, Plaintiff wrote a lengthy narrative of the alleged facts supporting her claims, a significant portion of which appeared to bear no relation to this lawsuit. See Amended Complaint at 5-7, 8-17. In addition, it still remained unclear which claims were asserted against which Defendants and the specific conduct which Plaintiff contended supported any particular claim. The Court explained these and other problems with Plaintiff's Amended Complaint in a second written Order (Doc.

12) entered November 2, 2020. In the November Order, the Court struck the Amended Complaint and directed Plaintiff to file a second amended complaint consistent with the directives of the Order. See Order (Doc. 12) at 4. The Court cautioned Plaintiff that "[f]ailure to do so may result in a dismissal of this action." Id.

On November 25, 2020, Plaintiff filed her Second Amended Complaint for Racial Discrimination (Doc. 13; Second Amended Complaint). Upon review, the Court found that Plaintiff again had failed to comply with the pleading requirements outlined in its prior Orders. To address the ongoing deficiencies, the Court held a hearing on December 17, 2020, at which Plaintiff appeared via telephone. See Minute Entry (Doc. 17), filed December 17, 2020. At the hearing, the Court struck the Second Amended Complaint and endeavored, at length, to explain to Plaintiff the problems with her pleadings and the Rules with which she must comply to adequately state a claim for relief in federal court. The Court provided Plaintiff one final opportunity to file an appropriate complaint.

Plaintiff filed her Third Amended Complaint for Racial Discrimination (Doc. 21) on February 17, 2021. Upon review of the Third Amended Complaint, the Court finds that this pleading contains even more egregious violations of Rules 8 and 10 than Plaintiff's prior attempts. The Third Amended Complaint is 84 pages long, with paragraphs numbering in the thousands, names twenty-

eight individual Defendants, and appears to span time frames both long before and well after the events which, as best the Court can tell, were the impetus for this lawsuit. Rather than heed the Court's instructions, Plaintiff has only exacerbated the problems present in her first three attempts at pleading.[1]

The Third Amended Complaint is replete with rambling, disjointed allegations bearing no apparent connection to any discernible claim. Indeed, because Plaintiff fails to use clearly separated, numbered counts, it is difficult to decipher what claim or claims Plaintiff is attempting to assert in this action, much less who each claim is asserted against or what conduct forms the basis of that claim. Thus, despite four attempts, two Court Orders, and an hour-long hearing, Plaintiff's Third Amended Complaint still fails to comply with the pleading Rules.

The Eleventh Circuit Court of Appeals has a term for complaints which violate Rules 8 and 10 in the ways discussed in this and the prior Orders—

---

[1] In its November 2, 2020 Order and again at the Hearing, the Court explained to Plaintiff that pursuant to Eleventh Circuit precedent, she cannot hold her co-workers individually liable for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., rather she must sue her former employer. See Order at 2 n. 1 (citing Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act. We think the proper method for a plaintiff to recover under Title VII is by suing the employer . . . ." (internal citations omitted)). Nevertheless, in the Third Amended Complaint, Plaintiff does not name her former employer as a defendant, but rather lists twenty-eight individuals, one more than she named in the Second Amended Complaint, who appear to have at some point, past or present, been affiliated with her former employer.

4

shotgun pleadings. See Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020). Significantly, although pro se pleadings such as Plaintiff's are construed more liberally than those drafted by attorneys, the Eleventh Circuit regardless has "'little tolerance for shotgun pleadings.'" See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018). Plaintiff's Third Amended Complaint is an egregious example of three of the four types of shotgun pleadings recognized in the Eleventh Circuit. The Third Amended Complaint is "full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," it "does not separate each cause of action or claim for relief into different counts," and it "asserts multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. Ultimately, as with all types of shotgun pleadings, the Third Amended Complaint fails "'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" Id. (quoting Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015)).

Significantly, this Court has the "inherent authority to dismiss a complaint on shotgun-pleading grounds." Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020). Before doing so, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the

plaintiff at least one opportunity to re-plead the complaint." See Arrington, 757 F. App'x at 797. Where the pleader fails to remedy the problem after being given a chance to do so, dismissal of a shotgun pleading with prejudice is warranted. See Tran, 817 F. App'x at 915. Here, the Court has provided Plaintiff not one, or even two, but three chances to remedy the pleading deficiencies in her Complaints and the problems have only gotten worse. On this record, the Court is convinced that Plaintiff is unable or unwilling to comply with the Court's directives and that nothing less than dismissal will suffice. See Sarhan, 800 F. App'x at 772. "Even pro se plaintiffs must comply with pleading rules or face judgment day," Tran, 817 F. App'x at 915, and for Plaintiff, that day has come. Despite the Court's guidance on the problems with her Complaints, and multiple opportunities to fix those deficiencies, the Third Amended Complaint remains an indecipherable shotgun pleading. Accordingly, it is

**ORDERED**:

1. Plaintiff's Third Amended Complaint is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court is directed to terminate any deadlines or pending motions as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 25th day of February, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc11

Copies to:

Counsel of Record
Pro Se Parties